```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MICHIGAN
                      SOUTHERN DIVISION

ELDRIDGE HARMON,

                      Plaintiff,
                                      CIVIL CASE NO. 05-40124
v.

UNITED STATES OF AMERICA,             HONORABLE PAUL V. GADOLA
                                      U.S. DISTRICT COURT
                      Defendant.
_____/
```

## **MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff, who is proceeding <u>pro se</u>, alleges that "the International AFL-CIO Federal Judges and Administrative Agencies, including the U.S. attorneys [] acted in concert with each other to deny, deprive and delay[] us in" relation to a class action apparently regarding asbestos litigation. Mot. at 3. Before the Court is Plaintiff's ex parte motion for a temporary restraining order ("TRO") to restrain "agents from the justice Department that robbed me and other Berger class members of our Retirement Pension Benefits." Mot. at 5. Because it does not "clearly appear[] from specific facts shown **by affidavit** . . . that immediate and irreparable injury, loss, or damage will result," the Court will deny Plaintiff's motion for a TRO. Fed. R. Civ. P. 65(b) (emphasis added). At the outset, the Court notes that Plaintiff's motion is submitted <u>without</u> an affidavit, and can be denied on this ground.

Even if Plaintiff had provided an affidavit, the motion would fail. The issuance of a TRO is governed by Rule 65(b) of the Federal Rules of Civil Procedure, which states in relevant part:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney **only if**
>
> (1) it **clearly appears** from specific facts shown by affidavit or by the verified complaint that **immediate and irreparable injury**, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, **and**
>
> (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b)(emphasis added). First of all, it appears that Plaintiff has not attempted to give notice to the opposing party since October 2003. <u>See</u> Pl.'s Certificate of Service. The Supreme Court has stated that "[e]x parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." <u>Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers</u>, 415 U.S. 423, 439 (1974)(citation omitted). Furthermore, "[The Supreme] Court has stated that 'the basis of injunctive relief in the federal courts has always been irreparable

harm and inadequacy of legal remedies.'" Sampson v. Murray, 415 U.S. 61, 88 (1974)(citing Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506-507 (1959)).

The Court notes that Plaintiff has previously filed a temporary restraining order in the United States District Court for the District of Columbia. Mot. at 3. The disposition of that motion is unclear from the record before this Court, nor has the issues of claim or issue preclusion been addressed. Furthermore, Plaintiff's complaint and motion suggest that this present motion relates to ongoing disputes and litigation arising from the filing of a class action lawsuit on October 21, 1975. Such facts do not "clearly" show that "immediate" injury will result absent the issuance of a TRO. Fed. R. Civ. P. 65(b). Plaintiff has not shown immediacy.

In addition to immediacy, the injury must be irreparable, that is, the legal remedies for the injury must be inadequate. See Sampson, 415 U.S. at 88. Irreparable injury is defined as "[a]n injury that cannot be adequately measured or compensated by money." Black's Law Dictionary 789-90 (7th ed. 1999). The Supreme Court has stated that

> [t]he key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money time and energy necessarily expended in the absence of a stay are not enough. The possibility that adequate compensation or other corrective relief will be available

3

>at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

Sampson, 415 U.S. at 90 (emphasis in original, internal quotation and citation omitted). The Sixth Circuit has also noted that "a plaintiff's harm is not irreparable if it is fully compensable by money damages." Basicomputer Corp. v. Scott, 973 F.2d 507, 511 (6th Cir. 1992). If the "nature of plaintiff's loss would make damages difficult to calculate," then an injury is not "fully compensable by money damages." Id. (emphasis added). This does not mean that whenever monetary damages are difficult to calculate that the injury is irreparable. Rather, the very "nature" of the loss must be inherently difficult to calculate. The Court is not convinced that Plaintiff's vague allegation that he was "denied the full enjoyment of life" cannot be compensated by monetary damages. Mot. at 3. Next, Plaintiff states that he was denied "pay or medical benefits" from a union that is not even brought as a party to the lawsuit; the United States of America is the only Defendant on the docket. Finally, Plaintiff states that "the only relief that I am seeking is for the services of the Justice Department through its Attorney General." Plaintiff is not entitled to such services as an individual. Accordingly, Plaintiff has not satisfied the requirements for a TRO and his motion will be denied.

Plaintiff has also simultaneously filed a motion for a

4

preliminary injunction. Because this motion is likewise without merit, the Court will also deny that motion at this time. When ruling on a motion for a preliminary injunction, a district court must consider and balance four factors: (1) whether the moving party has a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the preliminary injunction; (3) whether issuance of the preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the preliminary injunction. Jones v. City of Monroe, 341 F.3d 474, 476 (6th Cir. 2003) (citation omitted).

These four factors "are factors to be balanced, not prerequisites that must be met." Hamad v. Woodcrest Condo. Ass'n, 328 F.3d 224, 230 (6th Cir. 2003) (citation omitted). This Court "is not required to make specific findings concerning each of the four factors used in determining a motion for a preliminary injunction if fewer factors are dispositive of the issue." Jones, 341 F.3d at 476 (citations omitted). As discussed above, the Court does not find irreparable harm.

After reviewing the complaint and the motions, the Court determines that Plaintiff fails to demonstrate a likelihood of success on the merits. In particular, this District Court does not have the authority to overturn decisions by other district courts

or Courts of Appeals or issue orders in contravention of such courts. It also appears from Plaintiff's own exhibits that he has filed similar lawsuits in the Western District of Louisiana, the Middle District of Louisiana, and the Southern District of Texas, among others. <u>See</u>, <u>e.g.</u>, Pl. Ex. to Compl. at 2-4. These cases appear to have alleged similar claims and were dismissed. The Court does not find a substantial likelihood of success on the merits in this case.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's motion for a TRO, accepted for filing on April 27, 2005, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminay injunction, accepted for filing on April 27, 2005, is **DENIED**.

**SO ORDERED.**

Dated:   April 27, 2005            s/Paul V. Gadola
                                   HONORABLE PAUL V. GADOLA
                                   UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   April 27, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

_____,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:        Eldridge Harmon                        .

                                   s/Ruth A. Brissaud
                                   Ruth A. Brissaud, Case Manager
                                   (810) 341-7845

6