UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ELDRIDGE HARMON,

                          Plaintiff,
                                            CIVIL CASE NO. 05-40124
v.

UNITED STATES OF AMERICA,            HONORABLE PAUL V. GADOLA
                                     U.S. DISTRICT COURT
                          Defendant.

_____/


**ORDER DENYING PLAINTIFF'S MOTIONS AND**
**ORDER TO SHOW CAUSE AS TO WHY SANCTIONS SHOULD NOT ISSUE**

Plaintiff, who is proceeding pro se, filed three motions on July 14, 2005.  The Court will deny each of the motions, as discussed below.  As the Court previously warned Plaintiff, the Court will also order Plaintiff to show cause as to why sanctions should not be imposed on Plaintiff for filing these motions.

First, Plaintiff brings a "consolidated motion for institution of action by the Attorney General; intervention by the Secretary of Labor and the Equal Opportunity Commission; to supplement Rule 8 pleading; motion for all papers filed with the Clerk to be served by the United States Marshal's Office; and for the Court to reconsider all papers in the record."  The Court will begin with the final request for reconsideration.  As the Court has previously noted in this case, to succeed on a motion for reconsideration

"[t]he movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also must show that correcting the defect will result in a different disposition of the case."  E.D. Mich. Local R. 7.1(g)(3).  A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest, or plain." United States v. Cican, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001) (Gadola, J.). 7.1(g)(3).  Moreover, "the [C]ourt will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the [C]ourt, either expressly or by reasonable implication."  E.D. Mich. Local R. 7.1(g)(3).

The Court has reviewed Plaintiff's cursory request for reconsideration, Plaintiff's other filings, as well as the Court's underlying orders.  The Court does not identify any obvious, clear, unmistakable, manifest, or plain defects in the Court's orders. Furthermore, it once again appears to this Court that the Plaintiff's argument presents the same issues already ruled upon by the Court.   Plaintiff's request essentially expresses a disagreement with the Court's previous orders.  A motion for reconsideration predicated on such statements is an insufficient ground to grant reconsideration.   See E.D. Mich. Local R. 7.1(g)(3). Consequently, the Court will deny Plaintiff's request for reconsideration of "all papers in the record."

Regarding Plaintiff's request for intervention of the Attorney General, this request indicates a fundamental misunderstanding of the materials cited in Plaintiff's brief.  Although the Attorney General may file civil actions in federal court, it does not follow that the Court may order the Attorney General to file a case in federal court or to intervene on Plaintiff's behalf, particularly in this instance when Plaintiff is already suing the United States of America.  Similarly, the Court finds no authority for the intervention of the Secretary of Labor or the EEOC.

Next Plaintiff requests that the United States Marshals effect service on Defendants for Plaintiff.  Plaintiff requests this "in light of the fact that due to robbery of equitable and legal relief, I find myself in a position as being unable to even mail copies of motions to the defendants." Mot. at 3.  It is not clear from this statement why Plaintiff is "unable" to mail copies of his motions, although later in the motion, the motion does refer to "financial hardship." Mot. at 4.  The Court notes that Plaintiff paid the filing fee in this action, although he attached to this motion an application to proceed *in forma pauperis*.  Because Plaintiff managed to pay the filing fee and because the motions which Plaintiff has continued to file are frivolous and duplicative, the Court will not relieve Plaintiff of the burden of serving his multiple motions.  Plaintiff's request for service by

the United States Marshals is denied.

Furthermore, Plaintiff's request to supplement his Rule 8 pleading is denied at this time.  Plaintiff has already filed an amended complaint and the Government has not yet filed an answer. Furthermore, Plaintiff requests to supplement the pleading to include a demand for intervention by the Attorney General, the Secretary of Labor, and the EEOC.  As discussed above, this demand is without merit.

Finally, Plaintiff makes several statements about a pretrial conference.  As the Court previously instructed Plaintiff, the Court schedules a pretrial conference as necessary after the Government's answer or, if the answer is a motion, after the adjudication of that motion.  Notice of a pretrial conference in this case will be sent as necessary in accordance with this Court's customary procedures.  Plaintiff's request for a pretrial conference will again be denied at this time.

Plaintiff's second motion is captioned a "motion for judicial review under the administrative procedure provisions."  The Court finds the first three pages of this motion to be unintelligible. Those pages appears to be string of quotes from various sources and authority.  Notably, the cases cited are primarily from the Fifth Circuit, and therefore do not bind this Court.  The material cited does not clearly articulate the administrative procedure which

4

Plaintiff requests this Court to review, nor the authority for or timeliness of such a request.  The Court will therefore deny this request.

The remainder of the motion requests the appointment of counsel.  The Court has already denied Plaintiff's request for the appointment of counsel.  <u>See</u> Apr. 26, 2005 Order.  The Court remains convinced that the case does not present extraordinary circumstances warranting the appointment of counsel.  Furthermore, Plaintiff's voluminous filings demonstrate that he is capable of vigorously pursuing his own rights.  Plaintiff's request for appointment of counsel is again denied.

Plaintiff's third motion requests "administrative remedy of federal department (OFCCP) to terminate or refuse to grant federal financing assistance and contracts to local 201 until the order of reference to the special master dated February 15, 1989 is complied with still pending in districe (sic) court for the District of Columbia."  This motion seems to request this Court to review the determinations of another federal court in Washington D.C.  This Court is without the authority to do so.  Accordingly, this motion is denied.

The Court previously stated in this case: "Plaintiff is hereby given notice that further frivolous motions in this action will result in the Court issuing an order for Plaintiff to show cause as

to why sanctions should not be imposed for violations of Federal
Rule of Civil Procedure 11(b)(2).   See Fed. R. Civ. P.
11(c)(1)(B)."  This was stated in bold in the Court's orders dated
June 6, 2005 and June 16, 2005.  The Court has considered the three
motions filed on July 14, 2005 and considers them to be duplicative
and frivolous.  Plaintiff has now filed a dozen motions in this
case, many making multiple requests for relief, in this case which
has been pending for less than four months and in which Defendant
has not yet responded.  More important than the quantity of
requests, is the fact that the claims are repetitive and that the
Court has consistently found the requests for action to be without
merit.  Plaintiff's filings have diverted the Court's attention
from other matters.

Therefore, the Court will order Plaintiff to show cause in
writing as to why the motions filed on July 14, 2005 were not being
filed "for any improper purpose, such as to harass or cause
unnecessary delay or needless increase in the cost of litigation."
Fed. R. Civ. P. 11(b)(1).  Plaintiff shall also show cause as to
why the July 14, 2005 motions presented "legal contentions [that]
are warranted by existing law or by a nonfrivolous argument for the
extension, modification, or reversal of existing law or the
establishment of new law."  Fed. R. Civ. P. 11(b)(2).  Plaintiff
shall also show cause as to why the Court should not impose a

motion filing fee on Plaintiff for all subsequent motions due to Plaintiff's past conduct in this litigation.  Plaintiff is warned that a failure to respond or an insufficient response may result in the imposition of monetary sanctions.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's motions [docket entries 22, 24, and 25] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall show cause in writing as to why sanctions should not be imposed for the filing of the July 14, 2005 motions, as discussed above, within **FOURTEEN (14) DAYS** of service of this Order.

**IT IS FURTHER ORDERED** that Defendant may respond to Plaintiff's response within **SEVEN (7) DAYS** of the filing of Plaintiff's response.

**SO ORDERED.**

Dated: August 1, 2005                    s/Paul V. Gadola
                                         HONORABLE PAUL V. GADOLA
                                         UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on ___August 1, 2005___ , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
_____Robert W. Haviland_____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____Eldridge Harmon_____
.

                                         s/Ruth A. Brissaud
                                         Ruth A. Brissaud, Case Manager
                                         (810) 341-7845