UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELDRIDGE HARMON,

                              Plaintiff,

                                            CIVIL CASE NO. 05-40124

v.

UNITED STATES OF AMERICA,         HONORABLE PAUL V. GADOLA
                                                    U.S. DISTRICT COURT
                              Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant's motion to dismiss, which was accepted for filing on August 19, 2005. Because the Court concludes that Plaintiff, who is proceeding *pro se*, has failed to state a claim upon which relief can be granted, the Court will grant the motion and will dismiss this case. Because this case will be dismissed, the Court will discharge its order for Plaintiff to show cause as to why sanctions should not be imposed; no monetary sanction will be imposed upon Plaintiff at this time.

Plaintiff did not file a response opposing Defendant's motion to dismiss, as required by the Local Rules of the Eastern District of Michigan. *See* E.D. Mich. L. R. 7.1(b) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available.") Such responses must conform to the appropriate deadlines. *See* E.D. Mich. L. R. 7.1(d)(1)(B) (responses to dispositive motions are due within twenty-one days of service of the motion). Accordingly, the response to Defendant's motion to dismiss was due on approximately September 9, 2005.

Plaintiff did file three motions on August 26, 2005, allegedly in opposition to Defendant's

motion to dismiss. On September 2, 2005, Plaintiff filed a "Motion to Withdraw Documents Filed in Opposition of Motion to Dismiss," requesting the Court to withdraw the three motions from August 26, 2005. Consequently, the Court will simply consider Defendant's motion to dismiss.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes the district courts to dismiss any complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *See Minger v. Green*, 239 F.3d 793, 797 (6th Cir. 2001) (citations omitted). In applying the standards under Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

The Court will not, however, presume the truthfulness of any legal conclusion, opinion, or deduction, even if it is couched as a factual allegation. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Court will not dismiss a cause of action "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Although the pleading standard is liberal, bald assertions and conclusions of law will not enable a complaint to survive a motion pursuant to Rule 12(b)(6). *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). To determine whether Plaintiff has stated a claim, the Court will examine the complaint and any written instruments that are attached as exhibits to the pleading. Fed. R. Civ. P. 12(b)(6) & 10(c).

## II. ANALYSIS

As the Sixth Circuit has held, "[b]efore a suit may be maintained against the United States, the United States must consent to being sued." *Sharp v. United States*, 401 F.3d 440, 442 (6th Cir. 2005) (citing *Montez v. United States*, 359 F.3d 392, 395 (6th Cir. 2004) (citation omitted)). In this case, Plaintiff does not demonstrate in his complaint or amended complaint that the United States has consented to being sued. The Court finds that sovereign immunity has not been waived. Therefore, sovereign immunity precludes Plaintiff's claims against the United States.

Furthermore, the Court finds no authority that would require the Government to intervene on Plaintiff's behalf in a private class action lawsuit, as Plaintiff requests. The Court finds no viable cause of action in Plaintiff's complaint or amended complaint. Therefore, the Court will grant Defendant's motion to dismiss the complaint and amended complaint for failure to state a claim upon which relief may be granted.

Also pending before the Court is Plaintiff's response to this Court's order to show cause as to why sanctions should not be imposed. The response, which is captioned as a motion, argues that sanctions should not be imposed. Since the Court will dismiss this case based on the Government's motion, the Court determines that monetary sanctions would not be appropriate at this time.

### III. CONCLUSION

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion to dismiss [docket entry 30] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's order for Plaintiff to show cause as to why sanctions should not be imposed [docket entry 27] is **DISCHARGED.** Therefore, Plaintiff's response to the order to show cause, which is captioned as a motion [docket entry 29], is **DENIED**

AS MOOT.

**IT IS FURTHER ORDERED** that this action, Civil Case No. 05-40124, is **DISMISSED**.

**SO ORDERED.**


Dated:     October 12, 2005                                     s/Paul V. Gadola
                                                                HONORABLE PAUL V. GADOLA
                                                                UNITED STATES DISTRICT JUDGE


Certificate of Service

I hereby certify that on  October 13, 2005 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                        Robert W. Haviland                  , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:              Eldridge Harmon                           
.

                                                        s/Ruth A. Brissaud
                                                        Ruth A. Brissaud, Case Manager
                                                        (810) 341-7845